1 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2    Including Professional Corporations
MOE KESHAVARZI, Cal. Bar No. 223759
3 A. ALEXANDER KULJIS, Cal. Bar No. 299951
333 South Hope Street, 43rd Floor
4 Los Angeles, California 90071-1422
Telephone:    213.620.1780
5 Facsimile:    213.620.1398
E mail         mkeshavarzi@sheppardmullin.com
6                akuljis@sheppardmullin.com

7 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
8    Including Professional Corporations
JOHN T. BROOKS, Cal. Bar No. 167793
9 501 West Broadway, 19th Floor
San Diego, California 92101-3598
10 Telephone:    619.338.6500
Facsimile:    619.234.3815
11 Email:        jbrooks@sheppardmullin.com

12 Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

13

14                 UNITED STATES DISTRICT COURT

15        NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| 16 GRACE SMITH and RUSSELL RAWLINGS, on behalf of themselves and 17 all others similarly situated, and CALIFORNIA FOUNDATION FOR 18 INDEPENDENT LIVING CENTERS, a California nonprofit corporation, 19 <br><br>20            Plaintiffs, 21 <br>        v. <br>22 MARY WATANABE, in her capacity as Director of the California Department of 23 Managed Health Care; CALIFORNIA DEPARTMENT OF MANAGED 24 HEALTH CARE; and KAISER FOUNDATION HEALTH PLAN, INC., 25 <br>            Defendants. | Case No. 4:21-cv-07872-HSG <br><br>**DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO COMPEL INDIVIDUAL ARBITRATION AND STAY PROCEEDINGS** <br><br>Date:        April 28, 2022 <br>Time:        2:00 p.m. <br>Room:       2 <br>Judge:      Hon. Haywood S. Gilliam, Jr. |

26

27

28

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................... 6

II.     FACTUAL BACKGROUND ..................................................................... 7

        A.      Ms. Smith Agreed to Arbitrate Disputes Like This One .................................. 7

        B.      Mr. Rawlings Agreed to Arbitrate Disputes Like This One .......................... 8

        C.      Despite Agreeing to Arbitration, Plaintiffs Filed This Dispute In Court ....... 9

III.    THE FEDERAL ARBITRATION ACT APPLIES HERE ...................................... 10

IV.     THE COURT SHOULD COMPEL ARBITRATION ............................................ 11

        A.      Plaintiffs Agreed to Arbitrate the Claims at Issue in the First
                Amended Complaint .......................................................................... 11

                1.      Plaintiffs Signed Valid Arbitration Agreements Agreeing to
                        Submit Disputes to Binding Arbitration ................................... 12

                2.      The FAC's Claims "Touch Matters" Covered By the
                        Arbitration Agreements .......................................................... 13

        B.      The Court Should Compel Arbitration of All Claims Against Kaiser
                Even if the Claims Against Co-Defendants Are Not Arbitrable ................. 14

        C.      The Court Should Compel Individual, Non-Class Arbitration ................... 15

V.      THE COURT SHOULD ISSUE A STAY OF PROCEEDINGS ........................... 16

VI.     CONCLUSION ................................................................................... 17

1

<u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

<u>Cases</u>

4

*Allied-Bruce Terminix Cos., Inc. v. Dobson*
   513 U.S. 265 (1995) ................................................................................ 10

5

6

*Am. Exp. Co. v. Italian Colors Rest.*
   570 U.S. 228 (2013) ................................................................................ 11

7

*AT&T Mobility LLC v. Concepcion*
   563 U.S. 333 (2011) ................................................................................ 15

8

9

*Cobarruviaz v. Maplebear, Inc.*
   143 F.Supp. 3d 930 (N.D. Cal. 2015) ...................................................... 16

10

11

*Dean Witter Reynolds, Inc. v. Byrd*
   470 U.S. 213 (1985) ................................................................................ 11

12

13

*Drissi v. Kaiser Found. Hosps., Inc.*
   543 F.Supp. 2d 1076 (N.D. Cal. 2008) .................................................... 12

14

*Hunter v. Kaiser Found. Health Plan, Inc.*
   434 F.Supp.3d 764 (N.D. Cal. 2020) ............................................. 11, 12, 16

15

16

*Jope v. Bear Stearns & Co.*
   632 F.Supp. 140 (N.D. Cal. 1985) ........................................................... 14

17

18

*Katz v. Cellco P'Ship*
   794 F.3d 341 (2d Cir. 2015) ............................................................. 16, 17

19

20

*Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*
   174 F.3d 907 (7th Cir. 1999) ................................................................... 11

21

*Lamps Plus, Inc. v. Varela*
   139 S.Ct. 1407 (2019) ....................................................................... 15, 16

22

23

*Lewis v. UBS Fin. Servs.*
   818 F.Supp.2d 1161 (N.D. Cal. 2011) ..................................................... 17

24

25

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*
   363 F.3d 1010 (9th Cir. 2004) ................................................................. 11

26

*Madden v. Kaiser Found. Hosps.*
   17 Cal.3d 699 (1976) .............................................................................. 12

27

28

Page(s)

<u>Cases</u>

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*
    460 U.S. 1 (1983) ..................................................................................................... 12, 17

*Nguyen v. Barnes & Noble, Inc.*
    763 F.3d 1171 (9th Cir. 2014)................................................................................... 12

*Nielsen Contracting, Inc. v. Applied Underwriters, Inc.*
    22 Cal.App.5th 1096 (2018) ..................................................................................... 10

*Prograph Int'l v. Barhydt*
    928 F.Supp. 983 (N.D. Cal. 1996) ........................................................................... 14

*Sanchez v. Valencia Holding Co., LLC*
    61 Cal.4th 899 (2015) ............................................................................................... 15

*Simula, Inc. v. Autoliv, Inc.*
    175 F.3d 716 (9th Cir. 1999)..................................................................................... 13

*Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*
    559 U.S. 662 (2010) ............................................................................................ 15, 16

*Swift v. Zynga Game Network, Inc.*
    805 F.Supp.2d 904 (N.D. Cal. 2011) ....................................................................... 14

*Toledo v. Kaiser Permanente Medical Group*
    987 F.Supp. 1174 (N.D. Cal. 1997) .................................................................... 10, 12

*Volt Info. Sciences v. Leland Stanford Jr. University*
    489 U.S. 468, 479 (1989) ......................................................................................... 10

*Wilson v. Kaiser Found. Hosps.*
    141 Cal.App.3d 891 (1983)....................................................................................... 12

*Wyndham Vacation Resorts, Inc. v. Garcia*
    2016 WL 4529457 (N.D. Cal. Aug. 30, 2016).......................................................... 16

<u>Statutes</u>

9 U.S.C. § 1, *et seq.* ......................................................................................................... 11

9 U.S.C. § 2....................................................................................................................... 8, 10

Page(s)

Statutes

9 U.S.C. § 3..................................................................................... 11, 14, 16, 17

9 U.S.C. § 4.......................................................................................... 11, 14, 16

29 U.S.C. § 1132(a)(3) ................................................................................. 14

42 U.S.C. § 18116.......................................................................................... 13

# I.   <u>INTRODUCTION</u>

The Court should compel Plaintiffs Grace Smith and Russel Rawlings to abide by their agreements to arbitrate this dispute against Defendant Kaiser Foundation Health Plan, Inc.  In their First Amended Complaint ("FAC"), Plaintiffs allege that Kaiser's benefit plans wrongfully exclude or limit coverage for wheelchairs in violation of the Affordable Care Act and ERISA.  (FAC ¶ 1).  However, because those claims are covered by the binding arbitration agreements Plaintiffs entered, the Court should compel arbitration and stay this litigation pending arbitration.

First, when enrolling with Kaiser, both Ms. Smith and Mr. Rawlings signed valid arbitration provisions agreeing to submit disputes to binding arbitration in their enrollment applications.  The arbitration provisions were conspicuously labeled and located directly above the signature lines on each application.  Both arbitration provisions also incorporate the "Binding Arbitration" provisions contained in Plaintiffs' membership agreements ("Evidence of Coverage" or "EOC"), which similarly require Plaintiffs to submit disputes to arbitration.

Second, the arbitration agreements encompass the dispute at issue here.  Both arbitration agreements contain identical language requiring Plaintiffs to submit any claim "relating to the coverage for, or delivery of, services or items, irrespective of legal theory" to binding arbitration.  The gravamen of Plaintiffs' claims concern Kaiser's coverage for wheelchairs.  Therefore, those claims are covered by the arbitration agreements.

Although Plaintiffs allege a putative class action, the Court should compel arbitration on an individual, non-class basis because the arbitration provisions here are silent on class arbitration.  Under controlling U.S. Supreme Court authority, class arbitration is allowed only when expressly agreed by the parties.  Arbitration provisions that are ambiguous or silent on the issue are not sufficient to compel arbitration on a class-wide basis.

For these reasons, the Court should compel arbitration of all Plaintiffs' claims against Kaiser on an individual, non-class basis, and stay the case.

## II.    FACTUAL BACKGROUND

Kaiser Foundation Health Plan, Inc. is a non-profit organization that works with employers, employees and individual members to offer prepaid health plans and health care coverage.  Ms. Smith and Mr. Rawlings are enrolled in health care coverage with Kaiser.  (FAC ¶¶ 16-17).  Through their enrollment applications and coverage with Kaiser, both Ms. Smith and Mr. Rawlings agreed to binding arbitration for disputes related to coverage, irrespective of legal theory.  Therefore, the Court should compel arbitration of Plaintiffs' claims.

### A.    Ms. Smith Agreed to Arbitrate Disputes Like This One

Ms. Smith is enrolled in a Kaiser Permanente Small Group Gold HMO A plan, which she obtained through her employer, a company called Through the Looking Glass. (FAC ¶¶ 16, 62).  In 2017, Ms. Smith completed a employee enrollment form to obtain coverage with Kaiser.  (Espinal Decl., Ex. A).

Ms. Smith's enrollment application contains the following clear and conspicuous arbitration agreement:

> I understand that (except for Small Claims Court cases, claims subject to a Medicare appeals procedure or the ERISA claims procedure regulation, and any other claims that cannot be subject to binding arbitration under governing law) any dispute between myself, my heirs, relatives, or other associated parties on the one hand and Kaiser Foundation Health Plan, Inc. (KFHP), any contracted health care providers, administrators, or other associated parties on the other hand, for alleged violation of any duty arising out of or related to membership in KFHP, including any claim for medical or hospital malpractice . . . , for premises liability, or **relating to the coverage for, or delivery of, services or items, irrespective of legal theory, must be decided by binding arbitration** under California law and not by lawsuit or resort to court process, except as applicable law provides for judicial review of arbitration proceedings.  **I agree to give up our right to a jury trial and accept the use of binding arbitration.**  I understand that the full arbitration provision is contained in the *Evidence of Coverage*.

(Espinal Decl., Ex. A, p. 7) (emphasis added).  Ms. Smith signed the application directly below the arbitration agreement.  *Id.*

Kaiser accepted Ms. Smith's membership application for coverage and provided coverage to Ms. Smith.  The Evidence of Coverage for Ms. Smith's plan, also contains a

clear and conspicuous provision requiring arbitration of disputes.  The arbitration provision, titled "Binding Arbitration", requires arbitration of any claim that "**arises from or is related to** an alleged violation of any duty incident to or arising out of or relating to this EOC or **a Member Party's relationship to Kaiser Foundation Health Plan, Inc.** ("Health Plan"), **including any claim . . . relating to the coverage for, or delivery of, services or items**, irrespective of the legal theories upon which the claim is asserted." (Espinal Decl., Ex. B, p. 93) (emphasis added).  The Binding Arbitration provision further provides that "[a]rbitrations shall be governed by this "Binding Arbitration" section, Section 2 of the Federal Arbitration Act, and the California Code of Civil Procedure provisions relating to arbitration that are in effect at the time the statute is applied, together with the Rules of Procedure, to the extent not inconsistent with this "Binding Arbitration" section."  (*Id.* at p. 95).

**B.      Mr. Rawlings Agreed to Arbitrate Disputes Like This One**

Mr. Rawlings is enrolled in a Kaiser Permanente Small Group Platinum HMO A plan, which he obtained through his employer, Plaintiff California Foundation for Independent Living Centers.  (FAC ¶¶ 17, 67).  In 2020, Mr. Rawlings completed an employee enrollment application to obtain coverage from Kaiser through a private small group health coverage exchange called CaliforniaChoice.  (Espinal Decl., Ex. C).

Mr. Rawlings enrollment application contains the following clear and conspicuous arbitration agreement, titled "Mandatory Binding Arbitration":

> I understand that, if I select a Health Plan that uses mandatory binding arbitration to resolve disputes, I am agreeing to arbitrate claims that relate to my or a dependent's membership in the Health Plan (except for Small Claims Court cases and claims that cannot be subject to binding arbitration under governing law).  I understand that any dispute between myself, my heirs, relatives, or other associated parties on the one hand for alleged violation of any duty arising out of or related to membership in the Health Plan, including any claim for medical or hospital malpractice . . . , for premises liability, or **relating to the coverage for, or delivery of, services or items, irrespective of legal theory, must be decided by binding arbitration** under California law and not by lawsuit or resort to court process, except as applicable law provides for judicial review of arbitration proceedings.  **I agree to give up our right to a jury trial and accept the**

**use of binding arbitration.**  I understand that the full arbitration provision is in the Health Plan's coverage document, which is available for my review.

(Espinal Decl., Ex. C, p. 163) (emphasis added).  Mr. Rawlings signed the application directly below the arbitration provision.  *Id.*

Several months later, Mr. Rawlings submitted a change request form providing an address change.  The change request form contains an identical "Mandatory Binding Arbitration" provision.  (Espinal Decl., Ex. D, p. 170).  Mr. Rawlings signed the change request form directly below the arbitration provision.  (*Id.*)

Kaiser accepted Mr. Rawlings' membership application for coverage and provided coverage to Mr. Rawlings.  (Espinal Decl., ¶ 8).  The Evidence of Coverage for Mr. Rawlings' plan contains an arbitration provision that is identical to Ms. Smith's plan.  (Espinal Decl., Ex. E, pp. 253-55).

**C.      Despite Agreeing to Arbitration, Plaintiffs Filed This Dispute In Court**

Although Plaintiffs agreed to binding arbitration, Plaintiffs nevertheless filed a complaint in United States District Court.  On November 19, 2021, Plaintiffs filed a First Amended Complaint, which is the operative complaint.  (ECF No. 12).  Plaintiffs allege that they are both covered by Kaiser.  (FAC ¶¶ 16, 17).  They both allege that they require replacement wheelchairs that exceed the $2,000 limit for supplemental durable medical equipment under their respective health plans.  Ms. Smith alleges that Kaiser denied her request to cover the total cost of her replacement wheelchair.  (FAC ¶ 65).  Although Mr. Rawlings alleges that he requires a replacement wheelchair, he has not yet requested coverage for the total cost nor has he filed a grievance seeking such coverage.  (FAC ¶ 70).  Rather, he alleges that doing so would be futile.  (*Id.*).

Plaintiffs allege that Kaiser's exclusions, coverage limits and other plan provisions that affect coverage for wheelchairs are discriminatory to individuals with disabilities.  (FAC ¶¶ 57-61, 72).  Plaintiffs also allege that wheelchairs are Essential Health Benefits and that Kaiser plans fail to provide these benefits as required by the Affordable Care Act and ERISA because they include limitations on wheelchair coverage.  (FAC ¶¶ 33-35, 44-

56, 91).  Based on these allegations, Plaintiffs' First Amended Complaint alleges two claims:  (1) Disability Discrimination in Violation of Section 1557 of the Affordable Care Act and (2) Claim to Enjoin Kaiser's Wheelchair Policies Under Section 502(a)(3) of ERISA.

On February 3, 2022 counsel for Kaiser sent a letter to Plaintiffs' counsel, including via email, demanding that Plaintiffs submit their disputes to arbitration.  (Kuljis Decl., Ex. A).  Plaintiffs have not yet agreed to submit their disputes to arbitration.  (*See id.* at ¶ 3).

### III.   THE FEDERAL ARBITRATION ACT APPLIES HERE

In the arbitration provision contained in Plaintiffs' EOCs, Plaintiff and Kaiser expressly agreed that arbitration "shall be governed by . . . the Federal Arbitration Act. . ." (Espinal Decl., Ex. B, p. 95; Ex. E, p. 265).  Thus, the FAA applies here in part because the parties agreed it would apply.  *See Nielsen Contracting, Inc. v. Applied Underwriters, Inc.*, 22 Cal.App.5th 1096, 1106 (2018) ("The parties agree the [arbitration provision] is governed by the Federal Arbitration Act . . . Arbitration is a matter of contract, and 'parties are generally free to structure their arbitration agreements as they see fit.'") (quoting *Volt Info. Sciences v. Leland Stanford Jr. University*, 489 U.S. 468, 479 (1989)).

But the FAA would apply here anyway even had the parties not expressly agreed it would apply because the FAA applies to any arbitration agreement contained in a contract "evidencing a transaction involving [interstate] commerce."  9 U.S.C. § 2.  The U.S. Supreme Court has held that for purposes of Section 2 of the FAA, "the word 'involving' is broad and is indeed the functional equivalent of 'affecting.'"  *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273-74 (1995).  The Supreme Court explained that in enacting the FAA, Congress "took pains to utilize as much of its power as it could."  *Id*. at 274-75 (citations omitted).  Thus, "the word 'involving,' like 'affecting,' signals an intent to exercise Congress' commerce power to the full."  *Id*. at 277.

Pursuant to the EOCs at issue here, Kaiser provided healthcare services and coverage to Plaintiffs.  Such services involve interstate commerce.  *See e.g.*, *Toledo v. Kaiser Permanente Medical Group*, 987 F.Supp. 1174, 1180 (N.D. Cal. 1997) (granting

motion to compel arbitration and rejecting plaintiff's "frivolous argument" that Kaiser's health plan coverage agreement had no effect on interstate commerce in part because the agreement provided for general care and emergency coverage when the participant is in another state and "performance of the contract implicate[d] interstate commerce in that many of Kaiser's physicians are recruited from out of state and many necessary supplies and medications are shipped from out of state."); *Hunter v. Kaiser Found. Health Plan, Inc.*, 434 F.Supp.3d 764, 770 (N.D. Cal. 2020) (applying FAA and granting motion to compel arbitration per arbitration provisions in Kaiser membership agreements); (*see also*, Espinal Decl., ¶¶ 3, 11).  Therefore, the FAA applies here.

## IV.   THE COURT SHOULD COMPEL ARBITRATION

### A.   Plaintiffs Agreed to Arbitrate the Claims at Issue in the First Amended Complaint

The FAA codifies the strong federal policy in favor of enforcing arbitration agreements.  9 U.S.C. § 1, *et seq.*  The "overarching principle" of the FAA is that "arbitration is a matter of contract."  *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013).

Under the FAA, a district court determines:  (i) whether a valid agreement to arbitrate exists and, if it does, (ii) whether the agreement encompasses the dispute at issue.  *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).  If the response is affirmative on both counts, then the FAA requires the court to enforce the arbitration agreement in accordance with its terms.  9 U.S.C. §§ 3, 4; *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999).  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

1

2

### 1.    Plaintiffs Signed Valid Arbitration Agreements Agreeing to Submit Disputes to Binding Arbitration

3

The FAA "requires federal district courts to stay judicial proceedings and compel

4

arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen*

5

*v. Barnes & Noble, Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014).  "In determining whether a

6

valid arbitration agreement exists, federal courts apply ordinary state-law principles that

7

govern the formation of contracts." *Id*.  "Mutual manifestation of assent, whether by

8

written or spoken word or by conduct, is the touchstone of contract." *Id*.

9

Courts have regularly found that consumers that entered membership agreements

10

with Kaiser for healthcare coverage, like Plaintiffs, agreed to arbitrate their disputes with

11

Kaiser.  *See, e.g.*, *Hunter*, 434 F.Supp.3d at 780 (Orrick, W.) (compelling arbitration of

12

Kaiser member that signed up for coverage through Covered California exchange), *Drissi*

13

*v. Kaiser Found. Hosps., Inc.*, 543 F.Supp. 2d 1076, 1077-78 (N.D. Cal. 2008) (Conti, J.)

14

(compelling arbitration of non-signatory plaintiffs' claims against Kaiser based on an

15

essentially similar arbitration provision); *Toledo v. Kaiser Permanente Med. Grp.*, 987

16

F.Supp. 1174, 1180-81 (N.D. Cal. 1997) (Williams, J.) (granting Kaiser's motion to

17

compel arbitration of claims arising from denial of benefits under the member's benefit

18

plan); *Madden v. Kaiser Found. Hosps.*, 17 Cal.3d 699, 702-03 (1976) (finding that

19

plaintiff, a state employee whose healthcare was covered by Kaiser's medical services

20

contract, was bound by its arbitration provision, which was entered into between Kaiser

21

and the Board of Administration); *Wilson v. Kaiser Found. Hosps.*, 141 Cal.App.3d 891,

22

899-900 (1983) (finding that a child who did not become a member under a Kaiser health

23

plan which contained an arbitration clause until the time of his birth, was bound by his

24

parent's agreement to arbitrate).

25

Here, both Ms. Smith and Mr. Rawlings unquestionably assented to arbitrate their

26

claims.  Both signed their enrollment applications—directly under the arbitration

27

provisions—agreeing to "give up our right to a jury trial and accept the use of binding

28

arbitration." (Espinal Decl., Ex A, p. 7; Ex. C, p. 163).  Similarly, Plaintiffs' EOCs, under

-12-

which Kaiser provided and Plaintiffs accepted coverage, also include a "Binding Arbitration" provision which states that Plaintiffs "[gave] up the right to a jury or court trial and accept the use of binding arbitration." (*Id.*, Ex. B, p. 93; Ex. E, p. 263). Therefore, valid agreements to arbitrate exist because both Ms. Smith and Mr. Rawlings explicitly agreed to binding arbitration.

### 2. The FAC's Claims "Touch Matters" Covered By the Arbitration Agreements

The claims asserted in Plaintiffs' First Amended Complaint fall squarely within the binding arbitration provisions they signed. Generally, courts will compel arbitration of all claims where, as here, the arbitration provision is broadly-worded and covers all the issues at hand. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 720, 726 (9th Cir. 1999) (finding arbitration clause was broadly worded because it provided for arbitration of all disputes "arising in connection with" the parties' agreement). "To require arbitration," the factual allegations "need only 'touch matters' covered by the contract containing the arbitration clause." *Id.* at 720.

Here the binding arbitration provisions contained in Plaintiffs' enrollment applications broadly cover any claim "relating to the coverage for, or delivery of, services or items, irrespective of legal theory." (Espinal Decl., Ex A, p. 7; Ex. C, p. 163). Plaintiffs' EOCs are similarly broad, requiring arbitration of any claim that:

> . . . arises from or is related to an alleged violation of any duty incident to or arising out of or relating to this EOC or a Member Party's relationship to [Kaiser], including any claim . . . relating to the coverage for, or delivery of, services or items, irrespective of the legal theories upon which the claim is asserted.

(Espinal Decl., Ex B, p. 93; Ex. E, p. 263).

The gravamen of Plaintiffs' claims concern Kaiser's alleged coverage for wheelchairs. (FAC ¶ 1). The FAC's first claim alleges that Kaiser violated Section 1557 of the Affordable Care Act (42 U.S.C. § 18116) by "having and implementing a benefit design that discriminates on the basis of disability by excluding or limiting coverage specifically for wheelchair users." (FAC ¶ 81). The FAC's second claim alleges that

Kaiser's benefit plans' exclusions and limitations on coverage for wheelchairs violates Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)) because Plaintiffs allege that wheelchairs are Essential Health Benefits that must be covered under Kaiser's benefit plans.  (FAC ¶¶ 90, 91).  Therefore, there is no question that Plaintiffs claims "touch matters" covered by the arbitration agreements because they both arise and relate to "coverage for, or delivery of, services or items" under their membership agreements.

**B.**     **The Court Should Compel Arbitration of All Claims Against Kaiser Even if the Claims Against Co-Defendants Are Not Arbitrable**

"[A]n arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Prograph Int'l v. Barhydt*, 928 F.Supp. 983, 991 (N.D. Cal. 1996).  Moreover, "[w]here plaintiffs assert both arbitrable and nonarbitrable claims, district courts have, 'discretion whether to proceed with the nonarbitrable claims before or after the arbitration and [have] ... authority to stay proceedings in the interest of saving time and effort for itself and litigants.'"  *Jope v. Bear Stearns & Co.*, 632 F.Supp. 140, 144 (N.D. Cal. 1985) (citation omitted) (granting one defendant's motion to compel arbitration and granting co-defendants' motion to stay proceedings pending arbitration of the plaintiffs' remaining claims); *see also*, *Swift v. Zynga Game Network, Inc.*, 805 F.Supp.2d 904, 917-918 (N.D. Cal. 2011) (granting one defendant's motion to compel arbitration and staying litigation as to non-arbitrable claims alleged against other co-defendants).

Here Ms. Smith and Mr. Rawlings specifically agreed, per their membership agreements, "[i]n accord with the rule that applies under Sections 3 and 4 of the Federal Arbitration Act, the right to arbitration under this 'Binding Arbitration' section shall not be denied, stayed or otherwise impeded because a dispute between a Member Party and a Kaiser Permanente Party involves both arbitrable and nonarbitrable claims or because one or more parties to the arbitration is also a party to a pending court action with a third party that arises out of the same or related transactions and presents a possibility of conflicting rulings or findings." (Espinal Decl., Ex. B, p. 95; Ex. E, p. 265).  Accordingly, the Court

should compel arbitration of all claims against Kaiser even if Plaintiffs claims against the Director and the California Department of Managed Health Care may not be arbitrable.

**C.      The Court Should Compel Individual, Non-Class Arbitration**

Under the FAA, class action waivers in arbitration provisions are enforceable. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011); *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 924 (2015).

Kaiser's arbitration provision here does not contain an express class action waiver. However, under the FAA, a party cannot be compelled to submit to class arbitration where an arbitration provision is entirely silent or ambiguous regarding whether class action claims can be pursued in arbitration. *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010); *Lamps Plus, Inc. v. Varela*, 139 S.Ct. 1407, 1416 (2019).

In *Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, the U.S. Supreme Court held that a court may not compel class-wide arbitration when an agreement is silent on the availability of class arbitration.  559 U.S. at 684.  According to the Court, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Id*.  This is because, "the differences between bilateral and class-action arbitration are too great for arbitrators to presume, consistent with their limited powers under the FAA, that the parties' mere silence on the issue of class-action arbitration constitutes consent to resolve their disputes in class proceedings." *Id*. at 687.  "From these principles, it follows that a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so." *Id*. at 684.

Similarly, in *Lamps Plus v. Varela*, the U.S. Supreme Court reaffirmed and extended its ruling in *Stolt-Neilsen*. 139 S.Ct. at 1416-1417.  *In Lamps Plus*, the Court held that under the FAA, "an ambiguous agreement cannot provide the necessary contractual basis for concluding that the parties agreed to submit to class arbitration." *Id*. at 1411, 1416.  The Court explained that, "[l]ike silence, ambiguity does not provide a sufficient basis to conclude that parties to an arbitration agreement agreed to 'sacrifice[ ]

the principal advantage of arbitration.'" *Id*. at 1416.  The Court "reiterated that courts may not rely on state contract principles to 'reshape traditional individualized arbitration by mandating class wide arbitration procedures without the parties' consent.'" *Id*. at 1418.

Courts in this district have since applied the holdings of *Stolt-Neilsen* and *Lamps Plus* to compel arbitration on an individual basis only.  *See e.g.*, *Hunter*, 434 F.Supp.3d at 780 (citing *Stolt-Neilsen* and *Lamps Plus* in holding that arbitration provision in Kaiser membership agreement had no clear provision allowing for class-wide arbitration and therefore plaintiff must arbitrate her claims individually); *Wyndham Vacation Resorts, Inc. v. Garcia*, No. 15-cv-01540-WHO, 2016 WL 4529457, at *4 (N.D. Cal. Aug. 30, 2016) (Orrick, J.) (holding the arbitrator did not exceed his powers by ruling plaintiff's claims would be decided on an individual, non-class basis, since the arbitration provision did not expressly authorize class arbitration); *Cobarruviaz v. Maplebear, Inc.*, 143 F.Supp. 3d 930, 946 (N.D. Cal. 2015) (Chen, J.) (concluding that "class arbitration was not specifically agreed upon by the parties," and therefore "compel[ling] arbitration on an individual basis only.").

The arbitration provision at issue here is silent as to the availability of class-wide arbitration.  Thus, there is no contractual or other basis to conclude that the parties intended to arbitrate their disputes on a class-wide basis.  Therefore, under controlling U.S. Supreme Court authority, the Court here should compel arbitration on an individual, non-class basis.

## V.    THE COURT SHOULD ISSUE A STAY OF PROCEEDINGS

The proceedings must be stayed pending resolution of Plaintiffs' claims at arbitration.  *See Katz v. Cellco P'Ship*, 794 F.3d 341, 343 (2d Cir. 2015) (the FAA "requires a stay of proceedings when all claims are referred to arbitration and a stay [is] requested").  Under Section 3 of the FAA, if a suit is filed in a district court upon any issue that is subject to a written arbitration agreement, the court shall "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." *Lewis v. UBS Fin. Servs.*, 818 F.Supp.2d 1161, 1169 (N.D. Cal. 2011) (quoting 9 U.S.C. § 3).

The rationale for a stay is that dismissal would convert the decision into an appealable order, thus controverting the FAA's policy "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Katz*, 794 F.3d at 346; *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) (moving parties out of court and into arbitration should occur "as quickly and easily as possible"). Accordingly, the Court should stay this litigation pending arbitration.

## VI.     CONCLUSION

For the foregoing reasons, Kaiser respectfully requests that the Motion be granted and the Court enter an Order compelling arbitration of Ms. Smith's and Mr. Rawlings' claims on an individual basis, staying the proceedings, and for such other and further relief as the Court deems just and proper.

Dated:  February 4, 2022

By      _____
                /s/ A. Alexander Kuljis

MOE KESHAVARZI
JOHN T. BROOKS
A. ALEXANDER KULJIS

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN, INC.

KAISER'S MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO
COMPEL ARBITRATION