CLAUDIA CENTER – 158255
SILVIA YEE – 222737
CARLY A. MYERS – 317833
DISABILITY RIGHTS EDUCATION AND DEFENSE FUND
3075 Adeline Street, Suite 210
Berkeley, California 94703
Telephone: (510) 644-2555
Email: ccenter@dredf.org
syee@dredf.org
cmyers@dredf.org

ERNEST GALVAN – 196065
MICHAEL S. NUNEZ – 280535
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: egalvan@rbgg.com
mnunez@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GRACE SMITH and RUSSELL RAWLINGS, on behalf of themselves and all others similarly situated, and CALIFORNIA FOUNDATION FOR INDEPENDENT LIVING CENTERS, a California nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MARY WATANABE, in her capacity as Director of the California Department of Managed Health Care; CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE; and KAISER FOUNDATION HEALTH PLAN, INC.,<br><br>Defendants. | Case No. 4:21-cv-07872-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Haywood S. Gilliam, Jr.<br><br>Trial Date: None Set |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**INTRODUCTION**

On October 7, 2021, Plaintiffs filed this action alleging that Kaiser Foundation Health Plan, Inc. ("Kaiser") and the State Defendants have violated and continue to violate the rights of Plaintiffs and the proposed class by excluding or limiting coverage for wheelchairs. Plaintiffs filed their First Amended Complaint on November 19, 2021.

On February 4, 2022, Defendants filed three motions. Defendant Kaiser moved to dismiss Plaintiffs' complaint on the basis that some Plaintiffs lacked standing and that Plaintiffs did not plead valid claims. Kaiser also moved to compel the individual Plaintiffs to arbitrate their claims. The State Defendants—the Department of Managed Health Care (DMHC) and its Director Mary Watanabe, named in her official capacity—moved to dismiss Plaintiffs' claim against them on the basis that it is barred by the Eleventh Amendment, that Plaintiffs lack standing, that Plaintiffs' claim is time barred, and that Plaintiffs failed to plead a valid claim against State Defendants. The Court will hear these motions concurrently with the initial case management conference on May 19, 2022.

Plaintiffs request that the Court immediately open discovery and adopt the parties' proposed litigation schedule below to facilitate efficient resolution of this matter. Kaiser and the State Defendants request that the court stay discovery until it rules on the pending motions.

**I.      JURISDICTION AND SERVICE**

Plaintiffs allege that this Court has subject matter jurisdiction over Plaintiffs' claims arising under Section 1557 of the Affordable Care Act (Section 1557) (42 U.S.C. § 18116) and Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)), pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. No issues exist as to personal jurisdiction or venue. No parties remain to be served.

State Defendants dispute that this Court has subject matter jurisdiction over

Plaintiffs' claim against them, asserted solely under Section 1557.  State Defendants contend in their motion to dismiss that DMHC has not waived its immunity from suit in federal court for purposes of Section 1557 because DMHC is not receiving federal funds.

## II.   FACTS

### A.   Plaintiffs' Statement

Plaintiffs California Foundation for Independent Living Centers ("CFILC"), Beth Smith, and Russell Rawlings brought this action under Section 1557 of the Affordable Care Act and Section 502(a)(3) of ERISA alleging that Defendant Kaiser has discriminated against them and other people with disabilities because all of Kaiser's insurance plans either altogether exclude coverage of, or limiting coverage of, purchases and repairs of wheelchairs.  Some Kaiser insurance plans altogether exclude wheelchair coverage while others restrict coverage of wheelchairs to those necessary in the home and limit coverage to $2,000.  The Complaint also alleges that the State Defendants discriminate against people with disabilities who need wheelchairs in violation of Section 1557 of the Affordable Care Act by adopting a benchmark insurance plan that excludes wheelchairs as an essential health benefit.

People with disabilities who need wheelchairs use them to access and participate in all aspects of society.  They use them to access healthcare, education, employment, and their communities.

Plaintiff Smith has cerebral palsy and a traumatic brain injury and needs to use a wheelchair for mobility.  She needs a new wheelchair that costs approximately $17,000.  Plaintiff Smith is insured by Kaiser, and she applied for coverage of the wheelchair that she needs.  Ms. Smith received notice that Kaiser would cover only up to $2,000 of the cost of her wheelchair.

Plaintiff Rawlings has cerebral palsy and needs a wheelchair for mobility.  He is also insured by Kaiser, needs a new wheelchair that costs approximately $10,000, and is deterred from applying for coverage of the chair that he needs because of Kaiser's policies limiting wheelchair coverage and imposition of those coverage limitations to Ms. Smith's

application for wheelchair coverage.

CFILC is a non-profit that supports more than twenty Independent Living Centers across California and that operates programs that support people with disabilities. CFILC has constituents in California who are insured by Kaiser, who need wheelchairs, and who cannot obtain needed wheelchairs because of Kaiser's coverage limitations.

### B.  Defendant DMHC's Statement

State Defendants are improperly joined in Plaintiffs' action because DMHC is not receiving federal funding and thus has not waived California's sovereign immunity and is not subject to Section 1557. The statute abrogates Eleventh Amendment immunity and applies only to a health program or activity that "is receiving Federal financial assistance." (42 U.S.C. § 18116(a).)

Nor in any event have State Defendants engaged in any discrimination against Plaintiffs or others on the basis of disability. As Plaintiffs' complaint recognizes, DMHC, at the direction of the State Legislature, merely "codified"—i.e., adopted as regulations— the essential health benefit requirements identified by the State Legislature, including coverages adopted as mandatory benefits in a "base benchmark" health plan selected by the Legislature. Plaintiffs do not allege that state law, which DMHC merely implements, violates Section 1557.

### C.  Defendant Kaiser's Statement

The ACA mandates that small group health plans cover ten broad categories of essential health benefits ("EHBs"). The Secretary of Health and Human Services adopted a "benchmark" approach to specify what must be covered within each EHB category. The California Legislature selected the Kaiser Small Group HMO 30 plan as the state's benchmark plan (the "Benchmark Plan"). The Benchmark Plan identifies 13 categories of covered durable medical equipment ("DME"). Wheelchairs are not listed as covered DME in the Benchmark Plan.

Plaintiffs' Kaiser plans provide coverage for wheelchairs as supplemental DME items subject to a $2,000 annual limit. This coverage exceeds the minimum coverage of

the Benchmark Plan because it doesn't include any coverage for supplemental DME items, such as wheelchairs. Despite these facts, Plaintiffs nonetheless allege that Kaiser's benefit design for supplemental DME items, violates the ACA and ERISA by failing to provide unlimited coverage for wheelchairs.

### D. Factual Issues in Dispute

Plaintiffs anticipate that the principal factual issues in dispute will include whether changing Defendants policies to include coverage of wheelchairs would impose an undue burden on Kaiser.

Kaiser and the State Defendants contend that this case turns on legal, not factual issues.

## III. LEGAL ISSUES

The central legal issues raised by Plaintiffs' complaint are: (1) whether Kaiser has violated Section 1557 of the Affordable Care Act (42 U.S.C. §18116) and Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)) through the limitations on coverage of wheelchairs in its health insurance plans, (2) whether Mary Watanabe and the California Department of Managed Healthcare have violated Section 1557 of the Affordable Care Act by adopting a benchmark plan that does not include coverage of wheelchairs, (3) whether Plaintiffs' claims are properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23, (4) whether Plaintiffs' claims may lawfully be adjudicated on a class-wide basis using representative proof, and (5) whether Plaintiffs' claims are subject to mandatory arbitration.

The threshold legal issues raised by the State Defendants' motion to dismiss are: (1) whether Plaintiffs' action against the State Defendants is barred by the Eleventh Amendment; (2) whether Plaintiffs have article III standing for their action against the State Defendants; (3) whether Plaintiffs' action against State Defendants is time-barred; and (4) whether Plaintiffs have stated a claim upon which relief may be granted against the State Defendants.

## IV. MOTIONS

Three motions are currently pending before this Court: Defendant Kaiser's Motion to Compel Arbitration, Defendant Kaiser's Motion to Dismiss, and the State Defendants' Motion to Dismiss. Plaintiffs plan to move for class certification and to move for summary judgment. Based on the outcome of the pending motions and Plaintiffs' potential class certification motion, if necessary, Kaiser and the State Defendants plan to move for summary judgment. The parties will update the Court concerning any additional motions that the parties intend to pursue.

## V. AMENDMENT OF PLEADINGS

At this time, the Plaintiffs do not anticipate adding or dismissing any parties or claims in this case.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The parties will produce initial disclosures on or before May 12, 2022.

## VIII. DISCOVERY

The parties have not yet served any discovery requests. Plaintiffs do not seek to take discovery in phases. The parties have not identified any discovery disputes thus far.

### A. Topics for Discovery

Plaintiffs anticipate serving written discovery and taking depositions. Plaintiffs anticipate taking discovery on the following topics:

1. The development of DMHC's benchmark essential health benefit regulations;
2. Development of Defendants' home use requirement for wheelchair coverage;
3. Development of the $2,000 wheelchair coverage limit in some Kaiser insurance plans;

4.     The extent to which Kaiser's insurance plans cover repairs of wheelchairs and other durable medical equipment;

5.     Kaiser's policies, practices, and procedures for ensuring that individuals who cannot ambulate can access medical care and medical facilities;

6.     Information regarding Kaiser's list of base durable medical equipment and list of supplemental durable medical equipment;

7.     Kaiser's expenditure on wheelchairs and other durable medical equipment;

8.     Information regarding the number of Kaiser members who use wheelchairs, including the number of claims for wheelchairs that Kaiser has received and the number of claims for wheelchair coverage that Kaiser has denied;

9.     Information supporting any affirmative defenses that Defendants assert.

10.     Information if needed to demonstrate federal financial assistance.

    Kaiser's view on discovery is that the case raises only issues of law and that discovery is neither necessary nor appropriate. Kaiser anticipates that the Court will agree when it rules on Kaiser's pending motions. If the Court denies Kaiser's motions, Kaiser will re-evaluate the necessity for discovery based on the Court's reasoning in its denial.

    State Defendants also believe that this case raises only issues of law for which discovery is neither necessary nor appropriate, and that the discovery contemplated by Plaintiffs against the State Defendants regarding the development of DMHC's essential health benefit regulations implicates privileged state government deliberations that would be protected from disclosure, in any event. To the extent that discovery is permitted to proceed, State Defendants anticipate serving written discovery and taking depositions relating to Plaintiffs' factual and class allegations.

    **B.**     **Close of Discovery**

    The parties agree that, if discovery is permitted at all, fact discovery should close on March 2, 2023 and expert discovery should close on May 1, 2023.

    **C.**     **Electronic Discovery**

    The parties have discussed entering into an e-discovery order and, if discovery is

permitted at all, anticipate entering into an e-discovery order based on the Northern District's model e-discovery order.

### D. Changes to Discovery Limitations

The parties seek no changes to the discovery limitations provided by the Federal Rules of Civil Procedure and Local Rules.

### E. Other Orders Under Federal Rules of Civil Procedure 26(c) or 16(b) and (c)

The parties seek no other orders under Federal Rules of Civil Procedure 26(c), 16(b), and 16(c) at this time.

## IX. CLASS ACTIONS

This case has been filed as a class action. Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on their own behalf and on the behalf of the following class for claims brought under Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116, and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3): all persons with disabilities who are or who will be enrolled in or covered by an individual or small group Qualified Health Plan administered by Kaiser Foundation Health Plan, Inc. in the State of California and who need or will need a wheelchair or wheelchair repair. Pursuant to Civil Local Rule 16-9(b), Plaintiffs assert the following:

1. This action is maintainable as a class action under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.
2. The class that the named Plaintiffs seek to represent is composed of all persons with disabilities who are or who will be enrolled in or covered by an individual or small group Qualified Health Plan administered by Kaiser Foundation Health Plan, Inc. in the State of California and who need or will need a wheelchair or wheelchair repair.
3. Plaintiffs are entitled to maintain this action as a class action under Rules 23(a) and 23(b) because Defendant Kaiser has a common policy and practice of limiting and denying coverage for the purchase of new wheelchairs as well as limiting and denying coverage of wheelchair repairs and because the State Defendants have a

1. common policy and practice of excluding wheelchairs as an essential health benefit from their benchmark insurance plan. Each of the individual Plaintiffs and Class Members are disabled, need a wheelchair for mobility, reside in California, and are enrolled in an individual or small group Kaiser health insurance plan. Each of them need equitable relief in order to obtain, or in the future obtain, the wheelchair or wheelchair repair that they need to function. Based on Kaiser's presence statewide, there are likely thousands of class members.

4. Plaintiffs intend to move for class certification by November 11, 2022. Defendants dispute Plaintiffs class contentions and proposed class and contend that this case is not maintainable as a class action.

## X.     RELATED CASES

No related cases are pending before another judge of this Court, or before another court or administrative body.

## XI.    RELIEF

Plaintiffs seek the relief requested in the First Amended Complaint, including injunctive relief, an award of attorneys' fees and costs, and such other and further relief that the Court deems just and proper.

## XII.   SETTLEMENT AND ADR

Given the nature of this action, the parties do not anticipate that settlement negotiations would be useful at this time. The parties have not conducted any settlement negotiations to date. Resolution of the motions currently pending before this court or resolution of the anticipated motion for class certification may increase the possibility of a negotiated settlement. If the Court requires the parties to complete an ADR process, the parties would prefer to conduct a mediation with the Northern District of California's mediation program.

## XIII.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiffs declined to have a magistrate judge conduct all proceedings in this case.

## XIV. OTHER REFERENCES

The parties agree that this case is not suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation. Plaintiffs believe that this case is not suitable for reference to binding arbitration.

## XV. NARROWING OF ISSUES

Plaintiffs believe that the issues can be narrowed by bifurcating the liability and remedy phases of this case.

## XVI. EXPEDITED TRIAL PROCEDURE

This case cannot be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. The parties do not request an expedited trial.

## XVII. SCHEDULING

Plaintiffs request that this Court open discovery immediately. Kaiser and the State Defendants contend that discovery, to the extent permitted, should not be authorized until the Court has ruled on the pending motions to dismiss and to compel arbitration. Kaiser and State Defendants contend that this case raises only issues of law and that discovery is not necessary or appropriate.

The parties request that the Court calendar the following litigation deadlines (assuming discovery is permitted at all):

| Event | Date |
|---|---|
| Deadline to complete ADR session | TBD |
| Close of fact discovery | 03/02/2023 |
| Last day for expert disclosures/reports | 04/01/2023 |
| Close of expert discovery | 05/01/2023 |
| Last day for hearing dispositive motions | 05/30/2023 |
| Pretrial conference | 08/22/2023 |
| Trial | 09/05/2023 |

## XVIII. TRIAL

Plaintiffs have not requested a jury trial. If this case proceeds to trial, the parties

expect for trial to last 10 days.

**XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Plaintiffs have disclosed non-party interested entities or persons pursuant to Civil Local Rule 3-15, on April 14, 2022, ECF No. 51.

Plaintiffs certified that other than the named plaintiffs and all others similarly situated, there is no such interest to report under Civil Local Rule 3-15

Kaiser filed its Certification of Interested Entities or Persons on November 29, 2021, ECF No. 19, which states that other than the named parties, there is no such interest to report.

State Defendants are exempt from the disclosure requirement pursuant to Civil Local Rule 3-15(a).

**XX.  PROFESSIONAL CONDUCT**

Plaintiffs' counsel and Defendants' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.  OTHER**

The parties know of no other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Respectfully submitted

DATED:  May 12, 2022          ROSEN BIEN GALVAN & GRUNFELD LLP

By:  /s/ Michael S. Nunez
     Michael S. Nunez

Attorneys for Plaintiff

DATED:  May 12, 2022          SHEPPARD MULLIN

By:  /s/ Alex Kuljis
     Alex Kuljis

Attorneys for Defendant Kaiser Foundation Health Plan, Inc.

DATED: May 12, 2022

ROB BONTA
ATTORNEY GENERAL OF CALIFORNIA

By: */s/ Joshua N. Sondheimer*
Jennifer G. Perkell
Supervising Deputy Attorney General
Joshua N. Sondheimer
Deputy Attorney General

Attorneys for Defendants Mary Watanabe and the California Department of Managed Health Care

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i), I, Michael Nunez, attest that concurrence in the filing of this document has been obtained.

DATED: May 12, 2022

*/s/ Michael S. Nunez*
Michael S. Nunez

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED: _____, 2022   _____
United States District Judge