UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACE SMITH, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MARY WATANABE, et al.,<br><br>    Defendants. | Case No. 21-cv-07872-HSG<br><br>**ORDER DIRECTING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 34 |

On May 19, 2022, the Court held a hearing on Defendants Mary Watanabe's and the California Department of Managed Health Care's (DMHC) motion to dismiss Plaintiffs' Amended Complaint. *See* Dkt. No. 34. The motion argues that the Court lacks subject matter jurisdiction over Plaintiffs' claims against DMHC because it is immune from suit under the Eleventh Amendment. At the hearing, the Court asked whether the Ninth Circuit's decision in *Sharer v. Oregon*, 581 F.3d 1176 (9th Cir. 2009) is controlling. The Ninth Circuit held there that one of the State of Oregon's agencies "did not waive immunity for claims" brought against it because the agency was not "receiving Federal financial assistance." *Id.* at 1778. Even though the agency had subsidized the plaintiff's wages using federal funds six years *before* the alleged discrimination occurred, the Ninth Circuit held that Section 504's reach "encompasses a department or agency receiving federal funds *in only those periods during which the funds are accepted*." *Id.* at 1180 (emphasis added).

Defense counsel responded that *Sharer* is distinguishable because the plaintiffs there sought monetary damages and the ones here only seek injunctive relief. When a plaintiff seeks injunctive relief, he suggested, an agency waives its sovereign immunity for disability discrimination claims if it is *presently* receiving funds from the federal government. But counsel

provided no authority to support either this distinction or the broader proposition that an agency's waiver of sovereign immunity may be contingent on the nature of the plaintiff's requested relief.

Accordingly, the parties are **DIRECTED** to submit by June 3, 2022, simultaneous supplemental briefs of no more than four pages addressing the following question: When a plaintiff seeks injunctive relief, does an agency waive its sovereign immunity for disability discrimination claims in only those periods during which it receives federal funds, or is the agency immune unless it *presently* receives funds from the federal government? In other words, is the inquiry retrospective or prospective? The briefs should not repeat arguments made in the parties' prior filings. No further responsive briefs are permitted, and the matter will stand submitted on June 3 once the parties file their simultaneous briefs.

**IT IS SO ORDERED.**

Dated:  5/20/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge