CLAUDIA CENTER – 158255
SILVIA YEE – 222737
ERIN NEFF – 326579
DISABILITY RIGHTS EDUCATION AND DEFENSE FUND
3075 Adeline Street, Suite 210
Berkeley, California 94703
Telephone: (510) 644-2555
Email: ccenter@dredf.org
syee@dredf.org
cmyers@dredf.org

ERNEST GALVAN – 196065
MICHAEL S. NUNEZ – 280535
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: egalvan@rbgg.com
mnunez@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| GRACE SMITH and RUSSELL RAWLINGS, on behalf of themselves and all others similarly situated, and CALIFORNIA FOUNDATION FOR INDEPENDENT LIVING CENTERS, a California nonprofit corporation,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA HEALTH AND HUMAN SERVICES AGENCY and CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE,<br><br>　　　　　Defendants. | Case No. 4:21-cv-07872-HSG<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Judge:　Hon. Haywood S. Gilliam, Jr.<br><br>Action Filed:　October 7, 2021<br>Trial Date:　None Set |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1. Jurisdiction and Service:**

All Defendants have been served. Federal question jurisdiction exists based on the assertion of claims under Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116(a) and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 28 U.S.C. § 1343.

**2. Facts:**

**A. Plaintiffs' Statement**

Plaintiffs Beth Smith and Russell Rawlings are Californians with disabilities who use wheelchairs to ambulate, needed or need new wheelchairs, and have Kaiser health insurance plans that provide limited coverage for wheelchairs. Plaintiff Smith needed a wheelchair that costs at least $15,000 but was enrolled in a Kaiser small group health plan that caps coverage for medically necessary wheelchairs at $2,000 and only covers medically necessary wheelchairs that will primarily be used in the home. During the stay in the litigation, Plaintiff Smith secured an arbitration award that included the following relief:

> Kaiser Foundation Health Plan, Inc. ("Kaiser") shall pay Claimant Grace Smith the amount of $15,000 (or such greater amount as may be found medically necessary) to pay for a motorized wheelchair. Barring changed circumstances, Kaiser shall allow Claimant an amount sufficient to pay for a medically necessary replacement wheelchair every five years, as well as repair and maintenance costs when necessary, except for repair or replacement of equipment due to loss, theft or misuse. This resolution was determined by the Arbitrator to be a reasonable accommodation under the circumstances of this case. Kaiser will also pay Claimant $6,400 toward out-of-pocket costs for physical therapy.

Ms. Smith's counsel in the arbitration, her counsel in this litigation, were also awarded fees of $710,869.85 and costs of $29,364.42. Given this award, Plaintiffs' counsel will seek to amend the complaint by stipulation or motion to remove Ms. Smith as a Plaintiff.

Plaintiff Rawlings needed a wheelchair that costs more than $8,000. In 2023, Plaintiff Rawlings was able to secure a new wheelchair through Medi-Cal, as he was participating in

California's working disabled program. Because Mr. Rawlings was able to use alternative health coverage to secure a wheelchair, and no longer had an immediate or near-term need for a wheelchair, he did not face an actual and imminent injury. Under these circumstances, counsel did not initiate arbitration.[1]

Counsel for Plaintiffs will seek to amend the complaint by stipulation or motion to add one or more additional individual plaintiffs who are Californians with disabilities who use wheelchairs to ambulate, need new wheelchairs, and have Kaiser health insurance plans that provide limited or no coverage for wheelchairs. One potential plaintiff is insured by a Kaiser small group plan (with a $2,000 limit) and another potential plaintiff is insured by an individual plan from Covered California (with no wheelchair coverage at all). Both individuals currently need new power wheelchairs.

California Foundation for Independent Living Centers ("CFILC") is a nonprofit organization that serves and supports more than twenty Independent Living Centers (ILCs) across the state and leads several state-wide programs for Californians for disabilities. CFILC's constituents include people with disabilities who are enrolled in qualified health plans and who cannot obtain the wheelchair or wheelchair repair they need because of the discriminatory policies limiting coverage of medically necessary wheelchairs. CFILC's constituents also include people who are ILC employees and who are deterred from increasing their work hours and enrolling in qualified health plans because of the discriminatory policies limiting coverage of medically necessary wheelchairs. CFILC and its affiliated organizations are harmed in their ability to employ and promote disabled Californians who use wheelchairs as a result.

Wheelchairs designed for everyday use are uniquely used by people with disabilities and are essential to the ability of disabled people to live and participate in their communities consistent with the integration mandate of Section 504 of the Rehabilitation Act. An appropriate wheelchair

---

[1] Since 2023, Mr. Rawlings has been disqualified from the working disabled program based on his increased income over time. Now, he is only insured by a Kaiser health insurance plan that provides limited coverage for wheelchairs. Plaintiff Rawlings will need a new wheelchair in 2028. Should Kaiser's benefit design remain unchanged, counsel may initiate arbitration when this future need for a wheelchair is present.

costs far more than what many insured individuals in California can pay out of pocket. Manual and power wheelchairs intended for daily use cost thousands of dollars. A power wheelchair can cost up to $50,000 depending on the customizations and features that the user needs. Further, wheelchairs need regular maintenance and repairs. Timely and quality wheelchair repairs are necessary to ensure that a wheelchair user remains safe and mobile. Wheelchairs must be replaced about every seven years.

Plaintiffs brought this action under Section 1557 of the Affordable Care Act and Section 504 of the Rehabilitation Act to challenge: California's failure to require that qualified health plans provide meaningful health insurance coverage for wheelchairs in qualified health plans; and Kaiser's failure to provide meaningful health insurance coverage for wheelchairs in its individual and small group plans. By excluding wheelchairs from the list of essential health benefits, the Government Defendants permit health issuers offering plans in the individual and small group markets to place discriminatory exclusions and annual dollar limitations on the coverage of medically necessary wheelchairs. These discriminatory exclusions and limits, as demonstrated by the individual and small group plans offered by Kaiser,[2] harm the individual Plaintiffs, the Plaintiff Class, and Plaintiff CFILC.

### B. Defendants' Statement

The Department notes that the named Plaintiffs in this matter to date were not excluded from general wheelchair coverage, but rather that they were denied coverage for specialty chairs sought for their specific needs. The Department is encouraged that both named Plaintiffs obtained

---

[2] The Court stayed all claims against Defendant Kaiser pending the conclusion of arbitration with the individual Plaintiffs. As well, a stay was issued and then extended to permit Plaintiffs and the Government Defendants to discuss settlement and to consult with federal agency officials about defrayal. Federal agency officials provided little guidance and the defrayal question presents a barrier to settlement efforts. If the Government Defendants and the Plaintiffs reach a settlement in principle, it may be necessary for Plaintiff CFILC to pursue its claims against Defendant Kaiser to resolve the question of defrayal. For example, if Plaintiff CFILC establishes that Kaiser is violating federal law, such ruling would also establish that defrayal falls within the applicable exception, clearing the path to settlement.

wheelchairs through arbitration and other means, suggesting that arbitration provides an available vehicle for persons in similar situations to Plaintiffs' to obtain the specific relief they seek outside of this litigation. The Department's position continues to be that Plaintiffs fail to state an actionable discrimination claim, and that the scope of the plans at issue by this litigation is defined by statute, that the Department lacks the ability to provide the relief sought, and that statutory change, rather than suit against the Department, is necessary to achieve the broad policy change Plaintiffs appear to seek here.

**3. Legal Issues:**

Plaintiffs' statement: The key legal issues in this action are whether the absence of meaningful insurance coverage for wheelchairs in qualified health plans such as Kaiser's, and the failure of the Government Defendants to require health insurers to provide meaningful insurance coverage for wheelchairs, discriminates against Plaintiffs in violation of Section 1557 of the Affordable Care Act and Section 504 of the Rehabilitation Act.

Defendants' statement: The Court denied the Department's motion to dismiss because, at that stage of the pleadings, the record was not sufficiently developed to permit certain factual determinations by the Court. That evidence has been further developed, and now includes the results of the arbitration for Plaintiff Smith, and the mootness of Plaintiff Rawlings' claim following his receipt of a wheelchair from another program. In sum, the Department is entitled to sovereign immunity, Plaintiffs do not have standing to bring these causes of action, the statute of limitations bars Plaintiffs' claims, and Plaintiffs do not adequately plead a discrimination cause of action.

**4. Motions:**

Plaintiffs intend to amend the complaint to add one or more individual Plaintiffs. The proposed amended complaint may also include Plaintiff CFILC claims against Defendant Kaiser. See n.1. If necessary to secure complete relief, Plaintiffs will move for class certification.

Defendants intend to file a Motion to Dismiss Plaintiffs' complaint upon its amendment based on the above legal arguments and judicially noticeable facts. Defendants will file a motion for summary judgment if the matter is not dismissed and will oppose any motion for class

certification.

**5. Amendment of Pleadings:**

Plaintiffs intend to amend the complaint to add one or more individual Plaintiffs. The proposed amended complaint may also include Plaintiff CFILC claims against Defendant Kaiser. See n.1.

**6. Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

**7. Disclosures:**

The parties have not exchanged initial disclosures as the case was stayed for settlement discussions and outreach to federal officials.

**8. Discovery:**

The parties have not taken any discovery at this time. The parties do not anticipate a need for any discovery orders at this time, nor do they seek to propose limitations or modifications of the discovery rules at this time. Government Defendants note that Defendant Kaiser's non-participation in this case may prejudice the right of Government Defendants to discovery to which it is properly entitled to defend itself in this case. Plaintiffs agree that the participation of Defendant Kaiser may be necessary for discovery and for matters related to defrayal. See n.1. The parties will meet and confer on any discovery issues and update the Court.

Plaintiffs expect to propound written discovery, including but not limited to, requests for production of documents, requests for admissions, interrogatories, as well as depositions of 30(b)(6), fact, and expert witnesses. Plaintiffs anticipate discovery on any analyses or justifications for adoption of the benchmark plan at issue. Plaintiffs will also seek discovery from Defendant Kaiser. Plaintiffs intend to seek from Kaiser at least three years of wheelchair claims data for its CalPERS HMO plan (which covers wheelchairs) and a comparator set of at least three years of wheelchairs claims data from Kaiser's small group plans (which cover wheelchairs up to $2,000), together with a data dictionary and denominator information, to allow our health care

economist to calculate the "per-member per month" cost of including the wheelchair coverage.[3] Plaintiffs may also seek a comparator set of at least three years of wheelchair claims from Kaiser's individual qualified health plans.

Defendants will similarly seek written discovery, including third-party discovery from Kaiser related to the small group plans' wheelchair coverage. When new class representatives are named, the Department will seek written discovery from them and depose them as necessary.

**9. Class Actions:**

If necessary to secure complete relief, Plaintiffs will move for class certification by July 3, 2025. The putative class is: All persons with mobility disabilities who need or will need coverage for acquiring, maintaining, or replacing a medically necessary wheelchair and who are or who will be enrolled in or covered by an individual or small group qualified health plan in the State of California with no wheelchair coverage or with coverage that places dollar caps, "home use" rules, or other special limits on coverage of medically necessary wheelchairs.

The Department will oppose any motion for a class certification that includes all persons requiring wheelchairs who are or who will be enrolled in or covered by an individual or small group qualified health plan in the State of California with no wheelchair coverage or with coverage that places dollar caps, "home use" rules, or other special limits on coverage of medically necessary wheelchairs. Specifically, the proposed class cannot properly include persons whose wheelchair needs can be covered, or covered in large part with a deductible, by the $2,000.00 allowance for durable medical equipment (DME). Even where a plan does not explicitly cover wheelchairs, persons in plans that cover DME that includes wheelchairs in practice for an amount at or near $2,000.00 should also be excluded from the proposed class.

Counsel has reviewed the Procedural Guidance for Class Action Settlements.

---

[3] In Plaintiff Smith's arbitration, Counsel received three years of claims data (2017 to 2019) from Kaiser purporting to list wheelchair claims and associated costs for members of the Kaiser CalPERS HMO plan. The arbitration resolved before Plaintiffs could obtain from Kaiser a full data dictionary and denominator for the CalPERS claims data and the comparator claims data from Kaiser small group plans.

**10. Related Cases:**

No related cases are pending before another judge of this Court, or before another court or administrative body. Ms. Smith's individual arbitration against Kaiser has concluded.

**11. Relief:**

Plaintiffs seek the relief requested in the Second Amended Complaint including injunctive and declaratory relief, an award of attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

**12. Settlement and ADR:**

The parties participated in a settlement conference with a Magistrate Judge Sallie Kim on February 12, 2024. They also cooperated in efforts to seek guidance from federal officials. The parties would like to use the court's judicial mediation services.

**13. Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues:**

Plaintiffs believe that the issues are already focused through the Second Amended Complaint and the planned Third Amended Complaint.

**15. Scheduling:**

Plaintiffs' Proposed dates for an amended complaint (or motion to amend the complaint), motion for class certification, designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial are as follows:

| | |
|---|---|
| **Amended Complaint or Motion to Amend Complaint** | 02/14/25 |
| **Motion for Class Certification** | 07/03/25 |
| **Fact Discovery Cutoff** | 09/08/25 |
| **Expert Disclosures and Reports** | 09/22/25 |
| **Class Cert Hearing** | 09/09/25 |
| **Rebuttal Expert Disclosures and Reports** | 10/06/25 |
| **Expert Discovery Cutoff** | 10/20/25 |

| Dispositive and Daubert Motion Hearing Deadline | 11/3/25 |
|---|---|
| Final Pretrial Conference | 01/25/26 |
| Trial | 02/09/26 |

Defendants agree with this timeline but request the dates in the timeline be continued pending the parties' proposed judicial mediation.

**16. Trial:**

The parties request a bench trial. Plaintiffs expect that the trial will last five days.

**17. Disclosure of Non-Party Interested Entities or Persons:**

Plaintiffs certified that other than the named Plaintiffs, there is no such interest to report under Civil Local Rule 3-15 (ECF No. 51).

**18. Professional Conduct:**

Counsel for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: January 21, 2025

Respectfully submitted,

DISABILITY RIGHTS EDUCATION AND DEFENSE FUND

By: _____/s/_____
          Claudia Center

Attorneys for Plaintiffs

1  DATED: January 21, 2025

Respectfully submitted,

CALIFORNIA DEPARTMENT OF JUSTICE

By: _____/s/_____
　　　Dane Barca

Attorneys for Defendants California Health and Human Services Agency and California Department Of Managed Health Care

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained.

Dated: January 21, 2025

By: _____/s/_____
Claudia Center