CLAUDIA CENTER – 158255
SILVIA YEE – 222737
ERIN NEFF – 326579
Disability Rights Education & Defense Fund
3075 Adeline Street, Suite 210
Berkeley, CA 94703
Telephone:    (510) 644-2555
Email:        ccenter@dredf.org
              syee@dredf.org
              eneff@dredf.org

ERNEST GALVAN – 196065
MAYA E. CAMPBELL – 345180
Rosen Bien Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
Email:        egalvan@rbgg.com
              mcampbell@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RUSSELL RAWLINGS, JESSICA LEHMAN, AND CALIFORNIA FOUNDATION FOR INDEPENDENT LIVING CENTERS, A CALIFORNIA NONPROFIT CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA HEALTH AND HUMAN SERVICES AGENCY AND CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE,<br><br>Defendants. | Case No.: 4:21-cv-07872-HSG<br><br>**JOINT STIPULATION OF DISMISSAL AND ORDER**<br><br>Judge:        Hon. Haywood S. Gilliam, Jr.<br><br>Action Filed: October 7, 2021<br>Trial Date:   February 2, 2026 |

The parties have reached a settlement of this matter which is attached as Exhibit A. The settlement includes commitments by Defendant Department of Managed Health Care (DMHC) at paragraphs 9, 10, and 11, and an agreed-upon process for resolving Plaintiffs' claim for attorneys' fees and costs at paragraph 12.

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and as stated in paragraph 13, the parties stipulate and agree to dismiss this action with prejudice with retained jurisdiction for enforcement of the settlement agreement pursuant to *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994). Plaintiffs may seek to enforce the settlement agreement or move to reopen the action in the event that the new benchmark plan is not allowed by the federal government or passed by the legislature, or if the wheelchair benefit of the new benchmark plan is vetoed in whole or in part by the Governor.

Respectfully submitted,

Dated: September 9, 2025

DISABILITY RIGHTS EDUCATION AND DEFENSE FUND

/s/
Claudia Center, DISABILITY RIGHTS EDUCATION AND DEFENSE FUND

DISABILITY RIGHTS EDUCATION AND DEFENSE FUND

/s/
Ernest Galvan, ROSEN BIEN GALVAN & GRUNFELD LLP

Attorneys for Plaintiffs

1  Dated: September 9, 2025

ROB BONTA Attorney General of California
JULIE T. TRINH Supervising Deputy Attorney General

_____/s/_____
Dane Barca, Deputy Attorney General

Attorney for Defendants

**ECF ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I, Alexandra Cline, attest that I have obtained concurrence in the filing of this document from all other signatories listed here.

Dated: September 9, 2025         By: _____
                                         Alexandra Cline

[4750989.1] JOINT STIPULATION OF DISMISSAL AND ORDER

**ORDER**

The terms and conditions of the parties' August 29, 2025, Settlement Agreement are incorporated by reference into this Order. The Court retains jurisdiction to enforce the terms of the Settlement Agreement pursuant to *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) and in accordance with paragraph 13 of the Settlement Agreement.

Subject to the foregoing, the Clerk of Court is directed to dismiss this matter. All dates and deadlines are hereby vacated.

IT IS SO ORDERED.

Dated: 9/9/2025

_____
Hon. Haywood S. Gilliam, Jr.

UNITED STATES DISTRICT JUDGE

# EXHIBIT A

CLAUDIA CENTER – 158255
SILVIA YEE – 222737
ERIN NEFF – 326579
DISABILITY RIGHTS EDUCATION AND DEFENSE FUND
3075 Adeline Street, Suite 210
Berkeley, California  94703
Telephone:	(510) 644-2555
Email:	ccenter@dredf.org
	syee@dredf.org
	eneff@dredf.org

ERNEST GALVAN – 196065
MAYA E. CAMPBELL – 345180
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:	(415) 433-6830
Facsimile:	(415) 433-7104
Email:	egalvan@rbgg.com
	mcampbell@rbgg.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| RUSSELL RAWLINGS, JESSICA LEHMAN, and CALIFORNIA FOUNDATION FOR INDEPENDENT LIVING CENTERS, a California nonprofit corporation,<br><br>                Plaintiffs,<br><br>       v.<br><br>CALIFORNIA HEALTH AND HUMAN SERVICES AGENCY and CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE,<br><br>                Defendants. | Case No. 4:21-cv-07872-HSG<br><br>**SETTLEMENT AGREEMENT**<br><br>Judge:   Hon. Haywood S. Gilliam, Jr.<br><br>Action Filed:   October 7, 2021<br>Trial Date:     February 2, 2026 |

## I. RECITALS

1. WHEREAS, the California Department of Managed Health Care (DMHC) is a state government entity that licenses and regulates health care service plans in the State of California, and is responsible for implementing and enforcing the Essential Health Benefits (EHB) provisions of the federal Affordable Care Act ("ACA").

2. WHEREAS, the Plaintiffs sued DMHC and its parent agency, the California Health and Human Services Agency (CalHHS), alleging that these state entities violated Section 1557 of the ACA by implementing California's EHB plan in a manner that excludes Durable Medical Equipment (DME) coverage for wheelchairs.

3. WHEREAS, DMHC and CalHHS contend that they are obligated by a state statute that established California's EHB benchmark and that does not include wheelchairs.

4. WHEREAS, the United States District Court for the Northern District of California ruled that Plaintiffs had adequately alleged that the exclusion of wheelchairs resulted in a denial of "meaningful access to a benefit (i.e. wheelchair coverage) needed to address a condition that is a proxy for their mobility disability." *Smith v. Cal. Dep't of Managed Health Care*, No. 21-CV-07872-HSG, 2023 WL 8125337, at *9 (N.D. Cal. Nov. 22, 2023).

5. WHEREAS, Plaintiffs have served, but DMHC has not responded to, discovery requests.

6. WHEREAS, DMHC on May 7, 2025, requested that the Centers for Medicare & Medicaid Services, a federal agency in the United States Department of Health and Human Services, approve a new EHB plan for the State of California that includes "[m]obility devices, including but not limited to, walkers and manual and power wheelchairs, and scooters."

7. WHEREAS, the California Senate on May 27, 2025, passed Senate Bill 62, and the California Assembly on May 29, 2025, passed Assembly Bill 224, which are identical bills to add wheelchairs to the EHB starting January 1, 2027.

8. WHEREFORE, in consideration of the mutual covenants and promises set

forth in this Agreement, the Parties desire to fully and finally resolve this matter on the following terms and conditions.

II. **TERMS**

9. DMHC commits to use best efforts to secure a wheelchair benefit in a new California EHB benchmark plan with the following characteristics: the benefit will cover medically necessary wheelchairs; it will not include a dollar limitation on medically necessary wheelchairs; cost-sharing will be counted toward deductible and maximum out-of-pocket amounts in the plan; and it will not include a "home use" or "in the home" rule.

10. DMHC agrees to require health plans subject to Health and Safety Code § 1367.005 to describe the wheelchair benefit under the new benchmark plan in their applicable Evidence of Coverage language. All such health plans must describe the benefit in the Evidence of Coverage for each health plan product available to the enrollees in those products.

11. DMHC agrees to provide reasonable discovery responses to Plaintiffs' pending Requests for Production 14 and 20, as modified through meet and confer. Plaintiffs will not include any time related to this term in any request for fees and costs.

12. The parties agree to negotiate attorneys' fees and costs. Plaintiffs are the prevailing parties in this action for the purposes of being entitled to attorneys' fees and costs. Should the parties be unable to reach an agreement on the amount of attorneys' fees and costs, Plaintiffs may file a motion for attorneys' fees and costs. Defendants will not contest Plaintiffs' entitlement to fees up to $400,000.00. Plaintiffs will not seek fees and costs under this agreement until the following events occur: a new benchmark plan including the above-described wheelchair benefit is passed by the legislature; said wheelchair benefit is not vetoed in whole or in part by the Governor; and is approved by CMS. If these events do not occur, this agreement is without prejudice to Plaintiffs' right to seek attorneys' fees and costs in the ordinary course of the litigation.

13. The Parties will stipulate to a dismissal with prejudice with retained jurisdiction for enforcement of the settlement agreement pursuant to *Kokkonen v.*

*Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994).  Plaintiffs may seek to enforce the settlement agreement or move to reopen the action in the event that the new benchmark plan is not allowed by the federal government or passed by the legislature, or if the wheelchair benefit of the new benchmark plan is vetoed in whole or in part by the Governor.

DATED:  August 29, 2025        Respectfully submitted,

DISABILITY RIGHTS EDUCATION AND DEFENSE FUND;
ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Claudia Center
Claudia Center, DISABILITY RIGHTS EDUCATION AND DEFENSE FUND

By: /s/ Ernest Galvan
Ernest Galvan, ROSEN BIEN GALVAN & GRUNFELD LLP

Attorneys for Plaintiffs

DATED:  August 28, 2025        Respectfully submitted,

ROB BONTA
Attorney General of California
JULIE T. TRINH
Supervising Deputy Attorney General

By: /s/ Dane C. Barca

Dane Barca, Deputy Attorney General

Attorneys for Defendants